# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Rodney Burton (2014-0131251), )
)
    Plaintiff, )
)
v. ) Case No. 14 C 10297
)
) Judge Joan H. Lefkow
)
Tom Dart, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Rodney Burton, a pretrial detainee at Cook County Jail ("the Jail"), brought a civil rights action against Tom Dart, pursuant to 42 U.S.C. § 1983. Plaintiff alleges unsanitary living conditions throughout the Cook County Jail. Specifically, Plaintiff claims that due to "budget cuts" at the Jail, medical tests are no longer routinely performed upon incoming inmates and that this exposes him to communicable diseases, including hepatitis, tuberculosis, and mononucleosis. Plaintiff also alleges that he been exposed to mold and mildew in Divisions 10, 2, and 8 of the Jail, that the showers have fungus, and that the Jail does not provide inmates with a change of toothbrushes. Defendant moves to dismiss the claims regarding mold and mildew against Dart in his individual capacity pursuant to Federal Rule of Civil Procedure 12(b)(6). Although permitted to do so, Plaintiff did not file a response to Defendant's motion.

For the reasons that follow, the Court denies Defendant's motion to dismiss.

**FACTS**

The facts, as pleaded in the complaint, are set forth below.

1

Plaintiff alleges that he is being exposed to communicable diseases, such as hepatitis, tuberculosis, and mononucleosis. Plaintiff claims that this is because the Jail, due to budget cuts, has stopped performing testing on inmates upon initial entrance. He also alleges that he was exposed to mold and mildew in Division 10 on May 14, 2014, in Division 2 on June 20, 2014, and "now in Division 8 RTU 3-C" since at least September 2014. He also claims that the showers have fungus. (Compl. at 4-5.) Plaintiff alleges that he is experiencing an allergic reaction from the mold and mildew, and has swelling to his face, mouth, lips, gums, tongue and throat. (*Id.*) He also alleges that he is having trouble breathing, has a rash and blisters, and that this is causing him anxiety, suicidal thoughts, and trouble sleeping. (*Id.*) He also alleges that the Jail does not provide inmates with a change of toothbrushes. (*Id.* at 5.) He claims that he has a "bloodstream infection [in] [his] mouth." (*Id.*)

**LEGAL STANDARD**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint by contending that the plaintiff has failed to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing the motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Although detailed factual allegations are not required, the complaint must contain sufficient factual matter, which when accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Pursuant to Rule 8(a)(2), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Complaints by *pro se* plaintiffs are to be generously construed and not held to the stringent standards that are expected of pleadings prepared by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

**DISCUSSION**

Plaintiff alleges that he has and continues to live in unsanitary/unhygienic conditions in the Jail. Because Plaintiff is a pretrial detainee at the Jail, he is protected by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. However, section 1983 conditions claims brought under the Fourteenth Amendment are analyzed under the Eighth Amendment test, as set forth below. *See Higgins v. Correctional Med. Servs. of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999).

**Conditions of Confinement Two-Part Test**

Eighth Amendment conditions of confinement claims have objective and subjective components. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective prong requires the Court to determine whether the conditions were sufficiently serious such that the acts or omissions of the jail officials deprived the plaintiff of basic human needs. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (prison has duty to provide, *inter alia*, adequate sanitation and hygienic materials). Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has held that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S. Ct. 2321, 115 L. Ed.

2d 271 (1991)). If the conditions were sufficiently serious, the Court then considers whether jail officials were deliberately indifferent to the adverse conditions. That is, the Court must determine whether Defendant Dart was "subjectively aware of the condition of danger complained of, but consciously disregard[ed] it." *Rice v. Correctional Medical Services*, 675 F.3d 650, 665 (7th Cir. 2012).

Construing the allegations in Plaintiff's favor, as this Court must do at this stage of the litigation, Plaintiff was and continues to be subjected to numerous unsanitary conditions at the Jail, including being exposed to communicable diseases and mold and mildew, and fungus in the showers. He also alleges that the Jail does not provide a change of toothbrushes for inmates. While it is true that prisoners cannot expect the "amenities, conveniences, and services of a good hotel," *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), prisoners are entitled to shelter, which includes, among other things, reasonably adequate sanitation. *See Farmer v. Brennan*, 511 U.S. 825, 832-34, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *see also Gillis*, 468 F.3d at 493; *Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005). Plaintiff claims that the unsanitary/unhygienic conditions at the Jail caused him to develop physical and mental injuries, including swelling to his face, mouth, lips, gums, tongue and throat, trouble breathing, a rash, blisters, anxiety, suicidal thoughts, trouble sleeping, and a "bloodstream infection" in his mouth. The cumulative allegations regarding unsanitary/unhygienic conditions throughout the Jail, coupled with the allegations of injuries resulting therefrom, are sufficient to survive the Plaintiff's motion to dismiss.

**Personal Involvement**

Additionally, Plaintiff has alleged facts in his complaint that, if true, would suggest that the complained-of conditions were caused by the acts or omissions of Tom Dart. Defendant points out that "Plaintiff's Statement of Claim does not allege that Defendant Dart was involved in any deprivation of his constitutional rights[.]" (Mot. at 6.). Indeed, while Plaintiff names Dart as a Defendant in this action, the body of the complaint does not indicate how or in what way Dart was personally involved in the alleged violation of Plaintiff's constitutional rights. Nonetheless, *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), teaches that dismissal of a *pro se* complaint on grounds of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation. *Antonelli* concerned broad claims of unconstitutional conditions of confinement. In that case, the Court of Appeals found an inference of involvement was justified to sustain claims against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged "potentially systemic," rather than "clearly localized," constitutional violations. *Id.* at 1428-29. Here, Plaintiff alleges unsanitary/unhygienic conditions throughout the Jail. Further, he claims that living under these deplorable conditions, when viewed in totality, violate his constitutional rights. Plaintiff's allegations support an inference of a systemic problem within the Cook County Jail that, at least at this stage of the litigation, supports an inference of involvement by Dart.[1]

---

[1] The Court notes that at "section II" of Defendant's motion at pages ten and eleven, Defendant asserts that "[t]o the extent Plaintiff brings a claim regarding jail conditions on the basis that two detainees, 'on 12-6-14' and '12-8-14', were transferred to the Intensive Care Unit because of a communicable disease, his claim must fail." (Mot. at p 10.) As discussed above, however, the Court liberally construes the complaint as raising an allegation that the totality of the conditions in which Plaintiff was/is living at the Cook County Jail violates his rights under the Due Process Clause of the Fourteenth Amendment. To this extent, the Court declines to address Defendant's argument that one of the particular conditions discussed above – namely, the exposure to communicable diseases –

Accordingly, dismissal of the complaint on the basis of lack of Dart's personal involvement would be inappropriate.

**CONCLUSION**

For the reasons stated above, the Court denies Defendant's motions to dismiss [41] in its entirety. Defendant shall respond to the complaint or otherwise plead within 28 days of the date of this order.

Additionally, given the nature of the allegations in the complaint and that the case is proceeding forward at this point, the Court recruits counsel for Plaintiff. *See* 28 U.S.C. § 1915(e)(1) (although there is no right to counsel in civil rights cases, a court has discretion to recruit one for an indigent litigant); *see also Henderson v. Ghosh*, 755 F.3d 559, 564-66 (7th Cir. 2014); *Pruitt v. Mote*, 503 F.3d 647, 654-57 (7th Cir. 2007) (setting out the standard and considerations for enlisting counsel under § 1915(e)(1)). The Court recruits attorney Max Shaftal, Patzik, Frank & Samotny, Ltd., 150 South Wacker Drive, Suite 1500, Chicago, IL 60606, (312) 551-8300 to represent Plaintiff in this action pursuant to counsel's Trial Bar obligation under Local Rule 83.11(g). Counsel should enter an appearance for Plaintiff no later than 09/24/15. A status hearing is set for 09/29/15 at 11:00.

*Dated: 9/3/2015*

_____
Joan H. Lefkow
United States District Judge

---

fails to state a claim.